**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Arlene F. Hatten,

    **Plaintiff,**

  v.        **Civil Action 2:24-cv-01102**
          **Chief Judge Algenon L. Marbley**
          **Magistrate Judge Kimberly A. Jolson**

Tom Elkin, et al.,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff filed this action on March 8, 2024, alleging various claims including "treason, trademark, infringement, estate [embellishment], and tax evasion." (Doc. 1-1 at 4). But Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*. The Court issued a notice of deficiency, providing Plaintiff with a thirty-day deadline by which she needed to pay the fee or file an *in forma pauperis* application. (Doc. 2). When Plaintiff failed to do either by the deadline, the Undersigned issued a recommendation that Plaintiff be ordered to pay the filing fee within thirty days, or her case should be dismissed without prejudice. (Doc. 7). Though that Report and Recommendation remains pending, Plaintiff has now filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 8). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although

the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In her affidavit, Plaintiff says she is not employed, and she has four dependent grandchildren. (Doc. 8 at 2). But she also represents that her spouse is employed and earns $2,000 per month, and she has $4,000 in either cash on hand or in bank accounts. (*Id.* at 3). And the expenses Plaintiff lists totals only $385 per month. (*Id.*). Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **seven (7) days** of adoption.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   May 23, 2024                                  /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE